28 C.C.P.A. (Patents)

## In re ZALKIND.
### Patent Appeal No. 4409.

Court of Customs and Patent Appeals.
March 31, 1941.

Samuel Ostrolenk, of New York City (Sidney G. Faber, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (E. L. Reynolds, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the examiner of claims numbered, respectively, 1, 2, 4, 5, 12, 13, 14, 15, 16, 18, 19, and 21 in an application for patent entitled "For Laminated Sheets."

The examiner rejected all the claims of the application, except one which was numbered 10. The board reversed the examiner as to the rejection of five others numbered, respectively, 3, 7, 22, 23, and 24. So, six claims stand allowed.

It is suggested in the brief for appellant that claim 1 is the broadest of the appealed claims and, evidently treating it as illustrative of the subject matter, the principal discussion is devoted to that claim which reads: "1. An article of manufacture for forming collapsible containers comprising sheet metal of the order of 30 gauge and a blank of paper composition material secured thereto, said blank having a crease score line formed without loss of paper from said paper composition blank for determining the bend line of said article of *article of* manufacture."

We observe that claim 2 embraces substantially the same limitation as claim 1, and that each of these claims defines "a crease score line formed without loss of paper." No other of the appealed claims embraces this limitation, but it appears in certain of the allowed claims.

Claims 4, 5, 16, and 18 contain a requirement for the interposition of a layer of fire-resisting material between the non-metallic layer and the layer of sheet metal.

Claim 12 is limited to the use of corrugated board as the paper lamination and provides for a full 180 degree bend of the sheet on the bend line.

Claims 13, 14, and 15 provide that the score line is formed by creasing the composite sheet.

Claim 19 is limited to a collapsible container formed of the sheet material named in claim 12.

Claim 21 provides that the score in the layer of nonmetallic material be applied to its surface contiguous to the metallic layer.

Three patents were embraced as references in the decision of the board, to wit: Thiébaut (British), 12,888, Aug. 4, 1904; Balfe, 1,776,140, Sep. 16, 1930; Snyder, 1,944,282, Jan. 23, 1934.

Of these the Snyder patent was the basic reference, many of the appealed claims being rejected by the examiner and the board on it alone, and others upon it in view of Thiébaut. Of claims 4, 5, and 18, which have a requirement for the interposition of fire-resisting material between the metallic sheet. and the nonmetallic layer, the board said: "These claims do not appear to be directed to any matter not disclosed in Snyder and Thiébaut." The Thiébaut patent is described in the decision of the board as disclosing "a composite sheet consisting of corrugated paper in which asbestos paper may be used."

The Balfe patent was applied by the examiner along with Snyder in his rejection of claim 7. The board reversed the examiner as to that claim and we do not find any statement of its applicability to any of the appealed claims. So that patent requires no consideration here.

Appellant's effort in this case (his brief states that the present application is one of more than sixty applications filed by him within the past eight years in the collapsible container and related art of which many have been allowed) seems to have been directed to the production of a collapsible container suitable for use in packaging articles of various kinds, its structure being such that it may be manually manipulated by the person desiring to adapt it to such use, without the use of any machine in the packaging process. The examiner said: "This application is concerned with composite products made up of a lamination of metal and a lamination of non-metallic material, such as paper board or the like. More particularly, the non-metallic sheet bears a predetermined score line so that the composite product can be folded about said score line to form containers and the like. It is alleged that gauges of metal of 30 or thicker can be used in making up the composite material, relying on the score line in the non-metallic sheet only to produce a fold in the laminated product. The non-metallic sheets used include fibre board, chip board, asbestos board, corrugated boards, plywood, veneer and wallboard. Various metals, including steel, copper, zinc, aluminum and the like, may be used in making up the metallic sheet in the composite product. The sheets are united by adhesive or by

mechanical means, such as punching prongs from the metal sheet which project through the non-metal sheet."

Much of appellant's argument before us is based upon the allowance by the board of claim 3 which the examiner rejected on Snyder. This claim, like allowed claim 7, contains a provision for the interposition of the paper material between two layers of sheet metal, whereas claims 1 and 2, as well as the other appealed claims, seem to be limited to one layer of sheet metal. It is noted that the board stated that the Snyder patent discloses that "Metal may be used on both faces," but nevertheless it said, in allowing claims 3 and 7: "Claims 3 and 7 call for a structure consisting of paper having sheet metal on both faces with a score line in the paper material. This feature does not appear to be suggested by the references."

Appellant argues, in substance, that since the board found patentable matter in claim 3, the other claims, particularly claims 1 and 2, also should be held patentable.

The principle has been often stated by this and other courts that generally rejected claims may not properly be measured by allowed claims in order to determine the patentability of the former, but must be considered in the light of their own limitations or lack of limitations. This rule is so well known and well fixed that no citation of authority is necessary to support it. That there are exceptional cases has been held but appellant here has disclosed no state of facts which would bring this case within the excepted class. His argument based upon the allowance of claim 3, therefore, has not been given weight in our consideration of this case.

We have, however, considered the various limitations of the several appealed claims upon their own merits and in the light of the art upon which they were rejected.

In the Snyder patent, which discloses a method of making box-like structures from materials quite similar to the materials of appellant, the fold lines are formed by cutting out paper material so that he provides a tongue and groove lapped joint between two laminated sheets of paper material. The metal sheets are placed over the paper sheets and the container put in form by being bent at the joint so made, apparently by a machine operation. So, Snyder does not show an article in which the fold or crease lines are formed in the paper layer "without loss of paper."

However, as was said in substance by the board, it is well known that by drawing a blunt instrument under pressure across a sheet of cardboard a line will be produced, without any material being cut away, upon which the cardboard may be readily folded, and we are unable to agree with appellant's contention that the structure described in the appealed claims is patentable. The limitations defined in the several claims have received our careful study in the light of appellant's arguments. It is quite clear that the prior art shows the interposition of fire-resisting material, required in some of the claims on appeal, and also shows the use of corrugated papers when desired.

The decision of the board is affirmed.

Affirmed.