## In re LOBDELL.

### Patent Appeals No. 5420.

Court of Customs and Patent Appeals.
April 6, 1948.

Paul M. Geist, of Bridgeport, Conn. (Robert C. Watson, of Washington, D. C., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and HATFIELD and JACKSON, Associate Judges.

JACKSON, Associate Judge.

Appellant has appealed from a decision of the Board of Appeals of the United States Patent Office, affirming that of the Primary Examiner, rejecting claims 8, 9, and 10 of an application for a patent "For Tools" for want of patentability over the prior art, consisting of a patent to Emmons et al., 1,187,373, November 8, 1932, and "The Making, Shaping and Treating of Steel, Fifth Edition," by C. B. Francis, published in 1940 by the Carnegie Illinois Steel Corporation, Pittsburgh, Pennsylvania, pages 237 and 239. Seven claims were allowed.

The involved claims read as follows:

"8. A tool having a cutting tip portion of a relatively brittle material; a tip-supporting portion made from cast iron having a majority of its carbon content in the uncombined form; and a homogeneous

bond between said tip and tip-supporting portion including a strain-resistant layer of bonding material having a melting point lower than either the tip or tip-supporting materials, whereby tendencies toward tip fracture during normal use are substantially eliminated.

"9. A tool having a cemented carbide tip portion; a tip-supporting portion made from cast iron having a majority of its carbon content in the uncombined form; and a strain-resistant layer of bonding material between said tip and tip-supporting portion, whereby tendencies toward tip fracture during normal use are substantially eliminated.

"10. A tool comprising in combination, a cutting tip portion made from a cemented carbide; a tip-supporting portion made from a cast iron having a silicon content up to about 2.25% whereby uncombined carbon is present in substantial quantities; and a layer of bonding material between said tip and tip-supporting portion."

The invention discloses a metal machining tool comprising a cutting tip of any one of a number of materials, such as high-speed cutting tool steel, cemented carbides, non-ferrous alloys of chromium and cobalt and the like bonded to a cast iron shank or support.

The patent to Emmons et al. relates to metal cutting tools such as reamers and the like. A tool is disclosed comprising on the tip thereof a hard metal alloy, i. e. tungsten carbide for cutting means. The cutting tip is secured to the tool body by brazing or welding. The body may be composed of various materials among which cast iron is mentioned.

The cited publication has reference to iron castings and under the paragraph entitled "Gray Iron Castings" a composition of such castings is shown to contain silicon from "0.5% to 3%."

The examiner in his statement, dated April 20, 1945, rejected the involved claims as unpatentable over the Emmons et al. patent in view of the "Gray Iron Castings" paragraph in the publication. A second statement by the examiner, dated May 20, 1946, appears in the record, presumably in answer to a petition by appellant. There is nothing in the record to indicate why the second statement was made. It answers several arguments apparently made by counsel for appellant after the first decision, and it discusses the original decision in more detail.

The Board of Appeals in its decision agreed with the reasoning of the examiner.

While appellant in its reasons of appeal alleged error by the board in affirming the action of the Primary Examiner rejecting the claims as being unpatentable over both references taken together, he does not mention in his brief such reason of appeal. Consequently he is not entitled to be heard in that respect. It is well settled in this court that a reason of appeal not relied upon in the brief will not be considered. Boileau v. Godfrey, 138 F. 2d 67, 31 C.C.P.A., Patents, 723, 730.

Appellant attached to his brief an appendix seemingly intended to show commercial success of his device. There is nothing in the record to indicate that any such showing was made before the examiner. The board made reference to appellant's "allegation of commercial success of the invention," but there is nothing in the record to indicate there was any such evidence before the board. If there was such evidence, it should have been made part of the record. In re Britton, 115 F.2d 249, 28 C.C.P.A., Patents, 726; Vickery v. Barnhart, 118 F.2d 578, 28 C.C.P.A., Patents, 979. Commercial success, however, even though properly in the record, is immaterial if it is clearly shown that there is lack of patentability over the references.

Appellant in his brief contends that claims 8 and 9 are patentable for the reason that they contain a limitation to a "strain-resistant layer or bonding material," which he alleges is neither shown nor suggested in the patent to Emmons et al. Appellant in his specification with respect to the cutter tip and its supporting shank merely describes that they are preferably brazed or silver-soldered in place by methods "well known in the art." In the patent to Emmons et al., the cutter is se-

cured to its support by a brazing or welding method. There is nothing in claims 8 and 9 which would limit the welding to the use of silver solder and it is clear that appellant has shown silver-soldering and brazing to be equivalents. Therefore, brazing, as shown in the Emmons et al. patent, negatives the patentability of those claims even though silver solder had been a limitation therein. In re Withington, 104 F.2d 192, 26 C.C.P.A., Patents, 1290. Therefore, since the structure in the Emmons et al. patent discloses bonding material such as is disclosed by appellant, his contention can not be upheld.

It has been held many times by this court that rejected claims can not be allowed merely for the reason that a substantially similar claim in the same or in other applications had been allowed in the Patent Office. Therefore, we may not consider the argument of appellant that the involved claims should be allowed because other claims were allowed in his application. In re Oakes, 140 F.2d 669, 31 C.C.P.A., Patents, 833, 837.

Claim 10 contains the limitation that the cast iron of the tip-supporting portion of the tool has a silicon content up to about 2.25%. That limitation does not lend patentability to the claim for the reason that the publication reference discloses that gray cast iron may have such silicon content.

Appellant argues that the disclosure in the Emmons et al. patent of the use of cast iron in the cutter-supporting portion of the tool is accidental. In that patent the use of cast iron is just as clearly disclosed as wrought iron, cast steel, malleable iron, brass, and bronze. The patentee was under no obligation to discuss results peculiar to the use of cast iron, and appellant is not entitled to have claims allowed merely for the reason that in his application he sets out results accruing from the use of cast iron in his structure. It may well be, as appellant contends, that it is the use of cast iron that produces the improved results he claims, but the use of such material can not lend patentability to the involved claims for the reason that the patent to Emmons et al. discloses the use of the same material in the same relationship. General Electric Co. v. Jewel Incandescent Lamp Co. et al., 326 U.S. 242, 249, 66 S.Ct. 81, 90 L.Ed. 43.

If the limitation in the claims that the cast iron possesses "a majority of its carbon content in the uncombined form" is to be considered as imparting patentability, it must appear that such carbon content is critical. There is no showing or teaching of criticalness in that respect in appellant's original disclosure. His specification does state that the material contains "uncombined carbon in substantial quantities." But a substantial quantity may be very much less than a majority of carbon content.

It is clear that the Emmons et al. patent discloses the use of cast iron in the same fashion as it is used by appellant. The publication clearly teaches that cast iron commonly contains a silicon content of from "0.5% to 3%."

We find no reason to disturb the decision of the Board of Appeals and its decision is accordingly affirmed.

Affirmed.

By reason of illness, O'CONNELL, Judge, was not present at the argument of this case and did not participate in the decision.