41 C.C.P.A. (Patents)

### Application of LAUNDER.
### Patent Appeal No. 6020.

United States Court of Customs and Patent Appeals.

March 23, 1954.

Rehearing Denied May 24, 1954.

Francis C. Browne and Jewett, Mead, Browne & Schuyler, Washington, D. C., for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for the Commissioner of Patents.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON, Judges.

JACKSON, Judge.

On August 21, 1946, appellant filed a patent application, Serial No. 691,974, alleging new and useful improvements in a "Retainer Pin." The Primary Examiner rejected all of the claims 19, 21 to 26, inclusive, 28 to 39, inclusive, and 41 as unpatentable over the prior art.

The Board of Appeals reversed the decision of the Primary Examiner with respect to claims 21, 23, 24, 35, 38, and 39, and affirmed his decision rejecting claims 19, 22, 28 to 34, inclusive, 37 and 41. From such affirmance this appeal was taken.

The cited prior art is as follows:

| | | |
|---|---|---|
| Swigert | 2,055,265 | September 22, 1936 |
| Terry | 2,279,960 | April 14, 1942 |
| Crawford | 2,312,802 | March 2, 1943 |

Claims 19, 23 and 29 are illustrative of the involved subject matter and read as follows:

"19. A tapered retaining pin for coupling separable parts including,

two elongate rigid sections with exterior faces pitched relative to each other longitudinally of the pin and engaging said parts, and a resilient member between the sections normally holding said faces in pressure engagement with said parts."

"23. A tapered retaining pin for holding separable parts including, two elongate rigid sections with angularly related exterior surfaces engaging said parts, resilient means between the sections holding said surfaces in pressure engagement with said parts, and lock means including a shoulder on one section intermediate the ends of said surfaces and a deformable projection on the end of each section at the small end of the pin."

"29. A retaining pin for coupling separable parts including, two elongate rigid sections with exterior surfaces extending lengthwise of the pin substantially the entire length of the pin, the said exterior surfaces being inclined relative to each other lengthwise of the pin, and a body of resilient material between the sections normally yieldingly urging them apart."

The specification discloses a retainer pin designed to hold together connecting parts of an apparatus which are subjected to severe working conditions which may cause separation of the parts. Examples of such device are instanced as power shovels, trenching machines, and the like.

The retaining pin of the invention is used to connect a tooth adapter to a base, or a tooth cap to a tooth in the digger part of the machine. It is formed generally in two longitudinal sections between which a body of rubber is bonded. The faces of the sections toward the rubber have flat parallel inner surfaces while the outer faces are shaped to fit the passageway between the parts which are to be joined. The pin is of tapered formation in which either one or both sections taper lengthwise. A locking means for the pin is provided by one or more deformable end projections which may be bent over a part of the assembly. The drawings depict one bent end; two of such ends; and also instead of the deformable ends, there is shown a washer or collar carried on a threaded stud which projects from the small end of the pin and which carries a nut to retain the collar. Another type consists of a projection intermediate the ends of one of the pin sections having shoulders which cooperate with the recess of the wall of the passageway. A further figure depicts both deformable ends and intermediate shoulders. All of the allowed claims are limited to the intermediate shoulder type of locking means.

Claims 26 and 36 were rejected as being drawn to a non-elected species and since that rejection was not challenged before the board they are not before us on the merits.

The patent to Swigert relates generally to excavating machinery and particularly to a flexible bucket tooth connection. It discloses a tapered pin designed to retain the digging tooth on a supporting member and having deformable projections at the narrow end thereof for holding the pin in place.

The patent to Terry relates to rock drills and specifically to a retaining means for preventing the ejection of the drill from the chuck on a machine drilling apparatus. It discloses a retainer pin which is constructed of two parallel plates bonded together by a rubber strip. The thickness of the pin is somewhat greater than the aperture in which it is received so that when the pin is forced into position it will be held firmly in place by reason of frictional engagement because of the tendency of the compressed rubber to resume its normal state.

The patent to Crawford relates to bucket tooth for dredge buckets and the like and particularly to a tooth unit including a base member permanently mounted on the bucket and a wearing point or tip removably mounted thereon. The patent discloses a locking device

for removably holding the tooth against separation from the base element. In the base there is a groove and a space through which a tapered key element passes. The tooth or blade is provided with a tongue or pawl which engages in the groove. The pawl has a stem which is surrounded by a compression spring covered by a cap. The blade is provided with a slot designed to register with the keyway when the parts are fully put together. When assembled, the parts are held together by the tapered key in which there is a notch to engage the cap which covers the compression spring. The key is further anchored by means of deforming the narrow end thereof.

All the involved claims were rejected by the examiner on the patent to Terry in view of the patent to Crawford and also as lacking invention over the Crawford reference in view of that of Terry. Claims 19, 22, 28, 29, 30, 33, 34, 37, and 41 were further rejected as unpatentable over the Terry reference in view of the Swigert patent.

The board in its decision specifically considered the rejection of the examiner on the Crawford reference in view of the Terry patent and was of the opinion that the reverse rejection was cumulative.

It is clear to us the sole distinction of the involved claims over the pin structure shown in the Terry patent is that in the patent the exterior surfaces are not "inclined relative to each other lengthwise of the pin."

As we view the device of the Crawford patent, it is clear that the retaining pin consists of two rigid sections to be joined by means of the resilient spring means and the key. The structure which is defined in claim 31 which is discussed in the brief of counsel for appellant is for a retaining pin designed for coupling separable parts which includes two rigid sections with exterior surfaces engaging those parts. The claim further calls for resilient means between the section holding such members in pressure engagement with the separable parts. The spring in the Crawford device is designed for that purpose. The claim further calls for a lock means on one section which holds the pin against longitudinal movement in either direction relative to said parts The notch in the stem which is engaged by the capped spring in the Crawford device prevents such a movement.

It appears to us that claim 31 does not set forth any specific structural element which distinguishes patentably over the device of the Crawford patent. There would surely be no invention in using a known modification of the two part member as is shown in Terry to make the Crawford pin, for additional pressure engagement of the pin in the key slot.

It is contended by counsel for the appellant that we should reverse the decision of the board with respect to claim 32 because he alleges that the claim contains the limitation which was deemed to be critical by the board in allowing some of the claims. We have held many times that rejected claims generally are not to be measured by allowed claims in order to determine the patentability of the rejected claims, but that each must be considered in the light of its own limitations. Therefore in accordance with that rule, the allowed claims will not be compared with rejected claim 32. In re Zalkind, 118 F. 2d 356, 28 C.C.P.A., Patents, 959.

In view of our conclusion we will discuss the rejection of the involved claims as unpatentable over the patent of Crawford in view of Terry reference.

Of course it is a matter of common knowledge that to taper a retaining pin so that a wedging action is produced is a common mechanical expedient. The ancient use of the keystone in an arch would certainly render a mere tapering of a connecting fastening between adjacent parts unpatentable. It is obvious we think that the mere tapering of the surface of the pin from end to end in the Terry device would not involve invention. A tapered

retaining pin is disclosed in the Crawford patent and in our opinion as far as the rejected claims are concerned it would only require the exercise of mechanical skill to apply the well known expedient of tapering the pin for wedging action. Therefore, we are of the opinion that the rejection of the involved claims is proper.

Both the examiner and the board were of the opinion that it would not involve invention to modify the key of the Crawford device by employing a rubber bond in the key as shown in the Terry patent in order to be of use where opposed parts are to be held together.

For the reasons hereinabove set out, the decision of the Board of Appeals is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.